UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC FLORES,

       Plaintiff,                              Hon. Janet T. Neff

v.                                              Case No. 1:15-CV-1071

UNITED STATES ATTORNEY
GENERAL and FEDERAL
BUREAU OF INVESTIGATION,

       DefendantS.
_____/

**REPORT AND RECOMMENDATION**

       Plaintiff initiated this matter on October 16, 2015, against the Attorney General of the United States and the Federal Bureau of Investigation. Having granted Plaintiff's motion to proceed as a pauper, the Court has conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Having conducted this review, the undersigned recommends that Plaintiff's complaint be **dismissed**.

       A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). The Court need not accept as true, however, factual allegations which are "clearly irrational or wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

       As the Supreme Court more recently held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

A claim or action is subject to dismissal as frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In this context, frivolousness "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.*

Plaintiff's complaint consists of a great many fanciful factual allegations. For example, Plaintiff alleges that an "organized group of executive employees of the federal government" utilized "advanced technology with a direct signal to the satellite in outer space" to cause a class member to suffer a heart attack resulting in death. (Dkt. #1 at PageID.8). Plaintiff alleges that this group of "executive employees" utilized "advanced technology with a direct signal to the satellite in outer space"

to cause Plaintiff to experience "a great amount of pain" which "impaired his thought process or ability to mentally function normally." (Dkt. #1 at PageID.10). Plaintiff alleges that this group of "executive employees" utilized "advanced technology with a direct signal to the satellite in outer space" to control the mind of Plaintiff's grandfather and "compel" him to engage in extramarital sexual relations. (Dkt. #1 at PageID.22-23). Plaintiff's complaint is replete with similar allegations that an unidentified group of people made use of an "advanced technology with a direct signal to the satellite in outer space" to force numerous individuals to undertake various immoral activities or suffer serious physical or mental harm. (Dkt. #1 at PageID.24-52).[1]

## **CONCLUSION**

In sum, Plaintiff's complaint is premised upon fanciful and irrational allegations. As such, it is subject to dismissal for failure to state a claim on which relief may be granted as well as on the ground that it is frivolous. Accordingly, the undersigned recommends that Plaintiff's complaint be **dismissed** pursuant to 28 U.S.C. § 1915(e)(2). The undersigned further recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file

---

[1] The Court notes that Plaintiff has filed in various other federal courts actions making similar allegations. *See*, *e.g.*, *Flores v. United States Attorney General*, case no. 2:15-cv-1207, dkt. #3 (S.D. Ohio). A PACER search indicates that Plaintiff has, in the calendar year 2015 alone, initiated more than 80 such cases.

objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                Respectfully submitted,

Date:  November 10, 2015         /s/ Ellen S. Carmody
                ELLEN S. CARMODY
                United States Magistrate Judge